**Elsie GILFOND, Appellant,**

v.

**Mrs. Fred LYNCH, Appellee.**

**No. A14–85–007CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 12, 1985.
Rehearing Denied Aug. 8, 1985.

Mark D. Davidson, Houston, for appellant.

John B. Holmes, Dist. Atty., Houston, for appellee.

J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

On June 27, 1985, this Court issued an opinion in this appeal. Prior to the final ruling in this cause, the Court determined that the decision should be modified. Tex. Cr.App.R. 208(a). Our previous opinion is withdrawn and the following is substituted.

Appellant, Elsie Gilfond, d/b/a Alamo Bonding Company, appeals an order of dismissal for want of jurisdiction. Appellant sued appellee, Mrs. Fred Lynch, to enforce an indemnification agreement executed by appellee when appellant made a bail bond for appellee's son, John Richard Swiderski. We affirm.

In her sole ground of error, appellant asserts that the court erred by dismissing appellant's cause of action for want of jurisdiction.

According to the record, John Richard Swiderski was charged on July 16, 1983, with the misdemeanor offense of possession of a controlled substance. His bail bond was posted by appellant with appellee signing as co-surety. Appellant's company is a professional bonding company. At the time of the execution of the bond, appellant required appellee to execute an indemnification agreement agreeing to indemnify and hold appellee harmless from and against every and all claim, demand, liability, cost, charge, counsel fee, expense, suit, order, judgment, or adjudication against it by reason of such suretyship. On August 18, 1983, Swiderski did not appear in court and a judgment nisi was entered. After the entry of the judgment nisi, the State of Texas brought a scire facias (criminal) action against appellant and appellee for recovery under the bail bond contract. In the State's cause of action appellant filed a cross-action against appellee to recover from appellee under the indemnification agreement. Appellant's cross-action was severed from the State's action by the court and was assigned a separate cause number on October 31, 1984. This action was a result of a motion for severance filed by the State. The order of severance does indicate that appellant made an objection to the severance, but is not an assigned ground of error in this appeal. At the trial on appellant's suit, which was held on October 31, 1984, the court denied any relief and ordered the cause dismissed for want of jurisdiction.

We find that the court did act properly in dismissing the case for want of jurisdiction. When the cross-action was severed from the original case, it became a separate civil suit. In fact, it was a civil suit in the County Criminal Court at Law No. 11 and it clearly did not belong there. The statute creating the County Criminal Court at Law Nos. 11 and 12 provides:

The County Criminal Court at Law Nos. 11 and 12 of Harris County, Texas, shall have and they are hereby granted the same jurisdiction over criminal matters that is now or may be vested in county courts having jurisdiction in criminal actions and proceedings under the constitution and laws of Texas and shall have appellate jurisdiction in all appeals in criminal cases from justice courts and municipal courts within Harris County, and the judges of said courts shall have the same powers, rights, and privileges as to criminal matters as are or may be vested in the judges of county courts having criminal jurisdiction, provided that said courts shall have no jurisdiction over any of those matters which are now vested exclusively in the County Court of Harris County or in the judge thereof.

TEX.REV.CIV.STAT.ANN. art. 1970–110c.5 § 1(b) (Vernon Supp.1985). It is clear that the statute creating County Criminal Court at Law No. 11 does not give it jurisdiction to try any civil matter. Therefore, it did not give it any jurisdiction to handle the severed cause of action. The trial court correctly dismissed the case for want of jurisdiction.

Accordingly, the judgment of the trial court is affirmed.